UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRADLEY C. WEESE, SUSAN R. WEESE,
his wife,

           Plaintiffs,

-vs-                                        Case No.  5:05-cv-205-Oc-10GRJ

PACIFIC EMPLOYERS INSURANCE
COMPANY, a foreign corporation,

           Defendant.
_____

## O R D E R

This case is before the Court for consideration of Pacific Employers' Motion to Dismiss and Alternative Motion for More Definite Statement (Doc. 5), to which the Plaintiffs have responded (Doc. 7).  The motion is ripe for review and the Court concludes that it is due to be denied.

## Background

The facts, as set forth in the Plaintiff's Complaint (Doc. 2), are as follows.  On June 27, 2002, Plaintiff Bradley C. Weese was injured in a car accident while driving a vehicle owned by his employer, Air Liquide Healthcare American Corporation (Air Liquide).  The Plaintiffs allege that at the time of the accident, Mr. Weese was acting within the course and scope of his employment with Air Liquide.  The Plaintiffs further allege that the car accident was caused by the negligence of Kristy Oldham, an uninsured motorist.  The Plaintiffs claim that at the time of the accident, the Defendant, Pacific Employers Insurance

Company, had in force and effect an automobile insurance policy issued to Air Liquide which provided uninsured motorist coverage for the negligence of Ms. Oldham. Mr. Weese has attempted to settle with the Defendant for $100,000, which is the amount of uninsured motorist coverage under the policy, but the Defendant has refused to do so.

Count I of the Plaintiffs' Complaint seeks damages against the Defendant for Mr. Weese, whereas Count II seeks damages for Mr. Weese's wife, Susan R. Weese, who lost her husband's services, companionship and consortium due to his injuries.

The Defendant argues that the Plaintiff's Complaint should be dismissed because the "Plaintiffs fail to allege a sufficient basis for standing to maintain any claims against Pacific Employers." In particular, the "Plaintiffs fail to allege sufficient facts to establish any contractual relationship or contractual duties as between Plaintiff Bradley C. Weese and Pacific Employers. . . [and] Count I is devoid of any allegations establishing any breach of the as yet unspecified contractual duties and obligations." In addition, the Defendant claims that the Plaintiffs' "Complaint is so vague and ambiguous that it fails to reasonably identify the theories of liability pursued by [the] Plaintiffs. . ." Alternatively, the Defendant requests that the Court require the Plaintiffs provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). In response, the Plaintiffs contend that they have stated a cause of action based on the Defendant's breach of an insurance contract for uninsured motorist coverage.

**Motion to Dismiss Standard**

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[1]  Thus, if a complaint "shows that the Plaintiff is entitled to <u>any</u> relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently pled.[2]  As the Supreme Court declared in <u>Conley v. Gibson</u>, a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[3]  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim."[4]  Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."[5]  However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim,

---

[1]   <u>Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.</u>, 400 F.2d 465, 471 (5th Cir. 1968).

[2]   <u>Dotschay v. Nat. Mut. Ins. Co.</u>, 246 F.2d 221 (5th Cir. 1957).

[3]   <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  <u>See also</u> <u>Cook & Nichol, Inc. v. The Plimsoll Club</u>, 451 F.2d 505 (5th Cir. 1971).

[4]   <u>Conley</u>, 355 U.S. at 47.

[5]   <u>Id.</u>

it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."[6]

### Discussion

The Court concludes that the Plaintiffs' Complaint contains sufficient allegations to state a breach of contract claim.  The Plaintiffs have alleged that the Defendant issued an insurance policy to Mr. Weese's employer which provided uninsured motorist coverage.  Further, the Plaintiffs allege that the Defendant did not provide Mr. Weese with compensation under the policy when he was in fact covered by the policy since he was in an accident while working for his employer and since the accident was caused by an uninsured motorist.  In other words, the Plaintiffs are alleging that the Defendant breached the insurance contract.

The Defendant argues that the Plaintiffs have failed to allege a "sufficient basis for standing."  However, this argument is without merit since Florida courts allow employees to maintain suits against their employer's automobile insurance carriers,[7] and the Plaintiffs have alleged that Mr. Weese's employer had a policy issued by the Defendant and the Defendant denied coverage under that policy.

---

[6] Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

[7] See Auto Owners Ins. Co. v. Potter, 774 So.2d 859 (Fla. 4th DCA 2000); Lee v. Nat'l Union Fire Ins. Co., 469 So.2d 849 (1985); Pearcy v. Travelers Indem. Co., 429 So.2d 1298 (Fla. 3d DCA 1983).

Although the allegations in the Plaintiffs' Complaint are limited in nature, possibly due to the fact that the Plaintiffs do not have a copy of the insurance policy at issue, in federal court, the Plaintiffs are only required to plead a "short and plain statement" of a claim upon which relief may be granted. The Plaintiffs have met this requirement.

## Conclusion

Accordingly, upon due consideration, the Defendant's motion to dismiss (Doc. 5) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 15th day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record